IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | : | Civil No. 3:20-CV-0408 |
| Petitioner, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Michael Forrest ("Petitioner" or "Forrest"), a self-represented individual incarcerated at the Coal Township State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 1.) Also pending are Forrest's five ancillary motions for discovery, to amend his petition, and to secure his immediate release. (Docs. 61, 64, 67, 71, 72.) For the reasons that follow, the petition will be dismissed because the court lacks jurisdiction to consider Forrest's second or successive habeas petition in the absence of an order from the United States Court of Appeals for the Third Circuit. Because the petition cannot proceed, Forrest's pending ancillary motions will be also denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While serving an unrelated state sentence and housed in SCI-Rockview's Restricted Housing Unit, Forrest spit in Psychologist Richard Goss' mouth and on his face two additional times when Goss arrived at Forrest's cell to speak with him. (Doc. 70-2, p. 2.)[1] On December 16, 2009, following a jury trial, Forest was convicted of aggravated harassment by a prisoner in the Court of Common Pleas of Centre County, Pennsylvania. (*Id.*, p. 3; *see also Commonwealth v. Forrest*, CP-14-CR-0000446-2009 (Centre Cnty. Ct. Com. Pl.)). On January 29, 2010, he was sentenced to a term of three to seven years' imprisonment. (Doc. 70-2, p. 5.) On October 18, 2010, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (*Id.*, p. 15); *see also Commonwealth v. Forrest*, 15 A.3d 532 (Pa. Super. Ct. 2010) (Table, No. 343 MDA 2010). Forrest did not seek leave to appeal to the Supreme Court of Pennsylvania. (Doc. 70-2, p. 6.)

On December 12, 2012, Forrest filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 2254 challenging his Centre County Conviction. The petition was transferred to this court on January 8, 2013. The Honorable Richard A. Caputo dismissed the petition as untimely filed. *See Forrest v. Sauers*, No. 3:13-CV-0067,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2015 WL 1321884 (M.D. Pa. Mar. 24, 2015). The Third Circuit Court of Appeals denied Forrest's request for a certificate of appealability finding that "reasonable jurists would agree that [Forrest's] habeas petition was filed more than a year after his conviction became final, and that he did not establish statutory or equitable tolling of the applicable one-year limitations period was warranted … [r]easonable jurists would also agree that [Forrest] failed to show that the equitable exception to the limitations period set forth in *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1931 (2013), applies." *See Forrest v. Superintendent Forest SCI*, C.A. No. 15-1853 (3d Cir. Aug. 24, 2015).

Petitioner filed the instant § 2254 petition on March 9, 2020. (Doc. 1.) In this petition, Forrest again challenges his judgment of conviction from Center County. (*Id.*) After Forrest paid the filing fee, by order dated September 9, 2020, the court directed Respondent to file a response to the petition. (Doc. 19.) After receiving several enlargements of time, Respondent filed a timely response on January 22, 2021 arguing *inter alia* that the petition is subject to dismissal as a second or successive petition which is untimely filed. (Doc. 70.) Forrest filed a traverse as well as an amended traverse. (Docs. 74, 75.)

## DISCUSSION

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive

habeas corpus application.'" *Banister v. Davis*, 140 S.Ct. 1698, 1702 (2020) (quoting 28 U.S. C. § 2244(b)).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas corpus petition in federal district court. However, the AEDPA does not define the phrase "second or successive." *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what it is meant by 'second' or 'successive.'").

A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA if it attacks a different criminal judgment or if the earlier petition was dismissed without an adjudication on the merits, e.g. if the dismissal was based on petitioner's failure to exhaust state court remedies, or if the petition was premature. *See Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–46 (1998); *United States v. Santarelli,* 929 F.3d 95, 104–105 (3d Cir. 2019).  Yet, the dismissal of a § 2254 petition with prejudice, e.g., for failure to comply with the one–year statute of limitations, constitutes an adjudication on the merits that renders subsequent § 2254 petitions challenging the same conviction second or successive under § 2244(b).  *See Stokes v. Gehr*, 399 F. App'x 697, 700 n.2 (3d Cir. 2010) (non–precedential) (a motion under § 2254 would be "second or successive" when [the] first petition is dismissed as untimely.")  Thus, the bar on

4

unauthorized second habeas petitions must be addressed when the petitioner has previously filed a federal habeas petition challenging the same judgment, and the prior petition was adjudicated on the merits.

Where a state inmate presents a second or successive petition attempting to raise a new claim, Section 2244(b)(3) requires the prisoner to first seek an order from the appropriate court of appeals authorizing the filing of such claim. A district court may not consider a successive petition in the absence of such authorization. If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Here, Forrest's previous habeas petition was denied as untimely, which constitutes an adjudication on the merits that renders his present § 2254 petition challenging the same conviction a "second or successive" petition under § 2244(b). Forrest may not file a second federal habeas petition challenging his Centre County conviction without first obtaining leave of the Third Circuit Court of Appeals. There is no indication in Forrest's filings that he applied to the Third Circuit for such authorization. Thus, the court lacks jurisdiction to consider his present petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart,* 549 U.S. 147,

152 (2007) (where a state prisoner filed a second or successive habeas petition, and "did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."). Accordingly, the court concludes that Forrest's current petition is properly dismissed as a second or successive petition without authorization from the Third Circuit Court of Appeals as required by 28 U.S.C. § 2243(b)(3).

Without jurisdiction to consider the petition, the court similarly lacks jurisdiction to consider Forrest's pending motions. All pending motions will be denied as moot.

## CONCLUSION

For the foregoing reasons, Forrest's petition for writ of habeas corpus is dismissed. A certificate of appealability will not issue because reasonable jurists of reason would not find the procedural disposition of this matter debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

Dated: July 27, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania